IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AASIM I. W. NASH, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-03985 |
| v. | : | |
| JAMES JILLES, JUDGE, et al., | : | |
| Defendants. | : | |

**ORDER AND MEMORANDUM**

AND NOW, this 28th day of September, 2007, upon consideration of Plaintiff Aasim I. W. Nash's Motion for Leave to Proceed In Forma Pauperis and the attached Complaint, filed on September 24, 2007, it is hereby ORDERED that the aforesaid motion is DENIED AS MOOT and that the above-captioned matter is DISMISSED WITH PREJUDICE as legally frivolous for the reasons that follow.

**I.   Procedural History**

The basis of Plaintiff's claims is the dismissal of a related matter before this court, Nash v. Durison, No. 06-cv-02214.  On April 29, 2005, Plaintiff filed a complaint in civil action no. 06-02214, pursuant to 42 U.S.C. § 1983, against named Defendants Bob Durison, "CMR Director," who is the Director of Classification, Movement, and Registration of the Philadelphia Prison System, and "Phila. Common Pleas Time Credit Clerk," in the U.S. District Court for the Middle District of Pennsylvania.  On May 25, 2006, the matter was transferred to this court.  On October 27, 2006, a pre-trial conference was held in which Plaintiff participated by video-

conference, as he was incarcerated at the time.  Defendant Durison and his counsel were present.  Plaintiff claimed that he was entitled to credit for time that he allegedly served.  He noted that Judge D. Webster Keogh of the Philadelphia Court of Common Pleas had sentenced him.

At the pre-trial conference, the court ordered Defendants to file an answer or otherwise move.  The court explained to Plaintiff that Defendants may file a motion arguing that Plaintiff had received all of the credit that he was entitled to receive and was not entitled to any further credit, thus putting Plaintiff on notice of a likely motion to dismiss.

On November 22, 2006, Defendant Durison filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff failed to file a response.  On December 18, 2006, the court ordered Plaintiff to show cause within thirty days as to why Defendant Durison's motion to dismiss should not be granted.  Plaintiff failed to respond.  On January 23, 2007, Plaintiff not having shown cause why the motion to dismiss should not be granted, the court granted the motion to dismiss as unopposed and dismissed the entire civil action with prejudice.

On July 16, 2007, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis and attached a complaint, filed under 42 U.S.C. § 1983, against named Defendant "James Gilles, U.S. District Judge."  The submission was docketed as a new civil action, Nash v. Gilles, No. 07-cv-02905.  The complaint was largely unintelligible.  It asserted claims under Double Jeopardy and the Equal Protection Clause of the Fourteenth Amendment arising out of this court's dismissal of civil action no. 06-02214.  Although not named as a defendant, the complaint also complained about Judge Keogh.  On September 5, 2007, the court denied the motion to proceed in forma pauperis without prejudice and ordered Plaintiff to file a proper complaint in civil action no. 07-

02905 that complied with the basic pleading requirements set forth in the Federal Rules of Civil Procedure.

On September 24, 2007, apparently in response to the court's order, Plaintiff filed another Motion for Leave to Proceed In Forma Pauperis and attached a new complaint, which was docketed as a new civil action, <u>Nash v. Jilles</u>, No. 07-cv-03985, which is the above-captioned matter. On September 25, 2007, the court consolidated civil action no. 07-02905 with civil action no. 07-03985.

The complaint attached in the above-captioned matter names as Defendants "James Jilles, Judge," Bob Durison, [Judge] D. Webster Keogh, and Jeffrey Beard, who is the Secretary of Corrections for the Commonwealth of Pennsylvania. The complaint charges that "Judge Jilles," or this court's, dismissal of civil action no. 06-02214 violated the following constitutional rights, as defined by Plaintiff: "(1) search and seizure, (2) equal protection of the laws for all US citizens uncensored, (3) sexual battery, (4) racial segregation, (5) slavery, (6) racial discrimination, (7) mail fraud, (8) racial profiling, (9) bias, (10) ex parte, (11) negligence, (12) freedom of speech, (13) cruel and unusual punishment, (14) institution upon conviction, (15) right to bear arms, (16) due process, (17) confronted with witnesses against [sic]." The complaint does not identify any specific charges against the remaining named Defendants.

Plaintiff seeks the following: (1) "a public apology"; (2) "20 billion dollars in compensatory damages"; (3) "a 2007 top of line Bentley Continental Coupe 22 inch chrome mo mo rims and dark regular blue matching interior"; (4) "a stealth bomber fighter jet loaded"; and (5) "a hollow M-16 right handed machine assault rifle in compensatory damages."

## II. Discussion

### A. Plaintiff's Claims Are Barred Because Collateral Attack Is Not Permitted.

Plaintiff cannot bring a cause of action to attack the court's prior ruling. It is a well-establish principle of law that a final judgment by a court of competent jurisdiction bears a presumption of regularity and cannot be subject to collateral attack, unless the judgment was void, such as where the court lacked jurisdiction over the matter. See, e.g., Kalb v. Feuerstein, 308 U.S. 433, 438 (1940); see generally 47 Am. Jur. 2d Judgments §§ 738, 744. A collateral attack is an attempt to avoid a final judgment through the filing of a separate proceeding in which the judgment is the basis of the claim, rather then through the filing of a direct appeal of that judgment. See id. The judgment at issue here was final. See, e.g., Restatement (Second) of Judgments § 27 cmt. d (1982) (explaining that an issue submitted and determined "on a motion to dismiss for failure to state a claim" is actually litigated and constitutes a final judgment for preclusion purposes). Because the judgment at issue was not void and the court properly exercised its jurisdiction in granting the motion to dismiss as unopposed, Plaintiff may not collaterally attack the court's final judgment. His claims are therefore barred as an impermissible collateral attack.

### B. Plaintiff's Claims Against Defendants "James Jilles, Judge" and Judge Keogh Are Barred By Judicial Immunity.

Where money damages are sought, judges are accorded absolute immunity from suit unless their actions are not taken in their judicial capacity or where there is a complete lack of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 10-12 (U.S. 1991). It is unquestionable that the court

4

acted in its judicial capacity and with proper jurisdiction in dismissing civil action no. 06-02214, the action complained of here.  Therefore, this court, or Defendant "James Jilles, Judge," is immune from suit.  Likewise, because Judge Keogh acted in his judicial capacity and with proper jurisdiction in sentencing Plaintiff, Judge Keogh is immune from suit.  Plaintiff is not even attacking his sentence but instead his alleged credit for time served, for which Judge Keogh did not and could not have taken any action.  Plaintiff's claims against this court and Judge Keogh are therefore precluded by judicial immunity.

>    **C.   Plaintiff's Claims Against Defendants Durison and Beard Are Barred By Collateral Estoppel.**

Plaintiff's claims against Defendants Durison and Beard, which are related to Plaintiff's underlying claims in 06-02214 for credit for time served, are barred by the doctrine of collateral estoppel.  Collateral estoppel, also referred to as issue preclusion, "prevents parties from litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies."  Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999).

For collateral estoppel to apply, "1) the issue decided in the prior adjudication must be identical with the one presented in the later action; 2) there must have been a final judgment on the merits; 3) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and 4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication."  Id. at 199.

First, the issues raised and determined in 06-02241, as to whether Plaintiff was entitled to credit for time allegedly served and whether the denial of any such credit violated Plaintiff's constitutional rights, are the same as that presented in this matter, 07-03985.  Second, there was a valid final judgment in 06-02241.  See Restatement (Second) of Judgments § 27 cmt. d.

Third, Defendant Durison was named in both actions.  Defendant Beard, the Secretary of Corrections for the Commonwealth of Pennsylvania, is in privity with Defendant Durison, the Director of Classification, Movement, and Registration of the Philadelphia Prison System, because they share the same legal interest and represent the same legal right.  Furthermore, Plaintiff, who is precluded from relitigating the issue of his credit for time served with Durison, is also precluded from doing so with Beard because he had the full and fair opportunity to litigate the issue, as well as to name Beard as a Defendant, in the first action.  See Restatement (Second) of Judgments § 29 ("A party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him the opportunity to relitigate the issue.").

Finally, Plaintiff was accorded a full and fair opportunity to respond to the motion to dismiss and litigate the issue.  The court put Plaintiff on notice at the pre-trial conference to expect a motion to dismiss, Plaintiff was served with the motion to dismiss, and, when he failed to respond, Plaintiff was given an additional thirty days to show cause why the motion to dismiss should not be granted.  Despite these opportunities, Plaintiff failed to respond to the motion to dismiss.  The doctrine of collateral estoppel therefore bars Plaintiff's claims against Defendants Durison and Beard.

**D.     Relief Sought By Plaintiff Is Incapable Of Being Accorded Through The Judicial Process.**

Furthermore, dismissal is warranted because the relief sought, which includes instruments of violence, is outrageous, grossly disproportionate to the claims brought, and incapable of being accorded through the judicial process, and, therefore, is legally frivolous.

**III.    Conclusion**

For the foregoing reasons, the above-captioned matter is DISMISSED WITH PREJUDICE as legally frivolous and the Motion for Leave to Proceed In Forma Pauperis is DENIED AS MOOT.

BY THE COURT:

<u>    S/ James T. Giles    </u>
                                    J.